

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 17, 1947

Hon. William N. Hensley
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. V-380

Re: Authority of the
Justice of the
Peace to conduct
an inquest on a
federal military
reservation.

Dear Sir:

Your request for our opinion on the above subject matter is in part as follows:

"We have a request for an opinion from the Honorable M. D. 'Buck' Jones, Justice of the Peace, Precinct No. 1, Place No. 1, Bexar County, Texas (a copy of which is inclosed herein) wherein he has asked us the following questions:

"'1. Does a Justice of the Peace have authority to conduct an inquest on Government Reservations?

"'2. Does it make any difference whether the individual upon whom the inquest is conducted be civilian or military personnel?

"'3. Am I as a Justice of the Peace required, in the mandatory sense, to hold an inquest upon a Military Reservation where the circumstances of the death come within the terms of Article 968, R.C.S.?'"

Article 5247, V.C.S., provides:

"Whenever the United States shall acquire any lands under this title, and shall desire to acquire constitutional jurisdiction over such lands for any

purpose authorized herein, it shall be law-
ful for the Governor, in the name and in
behalf of the State, to cede to the United
States exclusive jurisdiction over any lands
so acquired, when application may be made to
him for that purpose, which application
shall be in writing and accompanied with the
proper evidence of such acquisition, duly
authenticated and recorded, containing or
having annexed thereto, an accurate descrip-
tion by metes and bounds of the lands sought
to be ceded. No such cession shall ever be
made except upon the express condition that
this State shall retain concurrent jurisdic-
tion with the United States over every por-
tion of the lands so ceded, so far, that all
process, civil or criminal issuing under the
authority of this State or any of the courts
or judicial officers thereof, may be execut-
ed by the proper officers of the State, upon
any person amenable to the same within the
limits of the land so ceded, in like manner
and like effect as if no such cession had
taken place; and such condition shall be in-
serted in such instrument of cession." (Em-
phasis added)

        We quote the following from Curry v. State
(Crim. App.), 12 S. W. (2d) 796:

        "Title XVI of the 1895 statute which
contains the articles above mentioned deals
with the subject of cession of jurisdiction
by this state. There is neither constitu-
tional nor statutory inhibition against own-
ership of land by the United States govern-
ment in Texas. Consent of its Legislature
was not necessary as a precedent for such
ownership, such being necessary only to a
transfer of exclusive jurisdiction. People
v. Humphrey, 23 Mich. 471, 9 Am. Rep. 94.
The right to withhold consent altogether
carries with it necessarily the right to
annex such conditions as it sees fit to the
giving of such consent. Evidently the Leg-
islature had in mind only the question of
cession of jurisdiction in the enactment of
the articles in question, as legislation on
the question of ownership of land in Texas

by the United States was useless and wholly unnecessary. If it intended that cession of jurisdiction by implication should pass under article 361, R.S. 1895, then the addition of articles 374 and 375, (now 5247) granting to the Governor the right to cede same, was futile and useless. If jurisdiction passed by implication under the first-mentioned article, it did so unincumbered by the conditions of concurrent jurisdiction to serve criminal and civil process as expressed in article 375 of said title. That such was not the intent of the Legislature we think is clear from reading the entire enactment upon the subject under consideration. Rather, we think the Legislature intended to give its consent to the cession of jurisdiction to become operative only when the Governor legally ceded same upon the conditions mentioned in articles 374 and 375. In other words, complete consent of the state, which carries with it exclusive jurisdiction over such land as above stated, has been withheld unless and until the Governor of this state under the terms of articles 374 and 375, R.S. 1895, makes a transfer of same. Our reasoning in this regard is supported by the Circuit Court of Appeals, Fifth Circuit, in the case of Brown v. United States, 257 F. 46, in which the said articles of the Texas statute received consideration and discussion."

In view of the foregoing, the State of Texas can only transfer jurisdiction to the United States upon the condition contained in Article 5247.

10 U.S.C.A., p. 329, Section 1585, provides:

"When at any post, fort, camp, or other place garrisoned by the military forces of the United States and under the exclusive jurisdiction of the United States, any person shall have been found dead under circumstances which appear to require investigation, the commanding officer will designate and direct a summary court-martial to investigate the circumstances attending the death; and, for this

purpose, such summary court-martial shall
have power to summon witnesses and examine
them upon oath or affirmation.  He shall
promptly transmit to the post or other
commander a report of his investigation
and of his findings as to the cause of
the death."

In view of the provisions of Article 5247,
V.C.S., it is our opinion that the words "and under
the exclusive jurisdiction of the United States" as
used in Section 1585 of Volume 10 of U.S.C.A., when
applied to military reservations in Texas, is meant
that jurisdiction which the United States acquired
through "Deeds of Cession" executed under the provi-
sions of Articles 5242, 5247 and 5248, V.C.S.

We have carefully examined various "Deeds
of Cession" executed by the Governor of Texas to the
United States for military purposes, copies of which
are on file in the Secretary of State's office, and
find in each "Deed of Cession" the following provi-
sion:

"Such cession, however, is made upon
the express condition that the State of
Texas shall retain concurrent jurisdiction
with the United States over every portion
of the land so ceded, so far, that all
process, civil or criminal, issuing under
the authority of the State of Texas or any
of the courts or judicial officers of said
State may be executed by the proper offi-
cers of the State upon any person amenable
to the same within the limits of the land
so ceded, in like manner and like effect
as if no such cession had taken place.

"This deed of cession is made in com-
pliance with Articles 5242, 5247, and 5248
of the revised statutes of Texas of 1925,
and in accordance therewith the United
States of America shall be secure in their
possession and enjoyment of all said land,
and said land and all improvements thereon
shall be exempt from any taxation under
the authority of the State of Texas so long
as the same are held, owned, used and oc-
cupied by the United States of America for
Army purposes and not otherwise."

We quote the following from our Opinion No. 0-4707:

"In answer to the question submitted, it is our opinion that justices of the peace are not authorized nor is it their duty to hold inquests at any post, fort, camp, or other place garrisoned by the military forces of the United States and under the exclusive jurisdiction of the United States."

Therefore, it is our opinion that a Justice of the Peace does not have the authority nor is it his duty to hold an inquest on any military reservation where the United States has acquired exclusive jurisdiction over such lands for any purposes except that of issuing process. For your information, we are informed by the Secretary of State that copies of the "Deeds of Cession" executed by the Governor to the United States are on file in the county clerk's office of the county in which the land is situated.

### SUMMARY

A Justice of the Peace does not have the authority to conduct an inquest on a Federal Military Reservation where the United States has acquired "exclusive jurisdiction" through "Deeds of Cession" executed under the provisions of Articles 5242, 5247 and 5248, V.C.S., 10 U.S.C.A., Section 1585.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:djm:jt

APPROVED:

*Price Daniel*
ATTORNEY GENERAL